UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS J. WALKER, | ) |
| Plaintiff, | ) Case No. 05 C 2174 |
| v. | ) District Judge Marvin Aspen |
| | ) Magistrate Judge Geraldine Soat Brown |
| MUELLER INDUSTRIES, INC., MUELLER STREAMLINE CO., and DEBORAH JONES, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

The District Judge has referred to this court the motion of defendants Mueller Industries, Inc., Mueller Streamline Co., and Deborah Jones (collectively, "Mueller") for sanctions, fees, and costs against plaintiff's counsel Ayotunde Okesanya ("Plaintiff's counsel" or "Mr. Okesanya") pursuant to 28 U.S.C. § 1927. [Dkt 18, 22.] For the reasons set forth below, Mueller's motion is denied.

## BACKGROUND

A.  The two cases.

Mueller's motion relates to Mr. Okesanya's conduct in two separate, although related, employment discrimination cases filed in the Northern District of Illinois: this case (Case No. 05 C 2174, "this case" or "first case"), and a second case filed by Mr. Okesanya in this district on behalf of the same plaintiff against the same defendants (Case No. 05 C 3272, "second case").

-1-

Plaintiff Dennis Walker ("Plaintiff") initiated the first case on April 13, 2005, when his attorney Mr. Okesanya filed a complaint ("first complaint") against Mueller. [Dkt 1.] An initial status hearing was scheduled for May 26, 2005. [Dkt 5.] At that time, Mueller's counsel had filed an appearance [dkt 7, 8], but Mueller had not yet answered or otherwise responded to the complaint. Mr. Okesanya failed to appear at the initial status hearing, and the District Judge, *sua sponte*, dismissed the case for want of prosecution pursuant to Fed. R. Civ. P. 41(b). (Order, May 26, 2005 [dkt 9].)

On June 2, 2005, Plaintiff initiated a second case when Mr. Okesanya filed a complaint against Mueller that was nearly identical to the first complaint ("second complaint").[1] [Dkt 1, Case No. 05 C 3272.] The second case was assigned to Judge Castillo. Mueller filed a motion to dismiss the second case on June 27, 2005. [Dkt 7, Case No. 05 C 3272.] In that motion, Mueller argued that the second case was barred by the res judicata effect of the dismissal of the first case. (Defs.' Mem. Supp. Mot. Dismiss at 4.) [Dkt 9, Case No. 05 C 3272.] Mueller argued that, following the dismissal of the first case, Plaintiff could have proceeded by way of a motion under either Rule 60(b) or 59(c), or appealed from the dismissal, but could not do what Plaintiff had done, which was to file a new lawsuit with the same substantive allegations. (*Id.* at 3.)

On July 1, 2005, Mueller's counsel sent a letter to Mr. Okesanya stating that the second complaint "falls within the ambit of Rule 11 of the Federal Rules of Civil Procedure." (Defs.' Mem. Supp. Mot. for Sanctions, Fees and Costs ("Defs.' Mem.," Ex. E ("Safe Harbor Letter") at 1). [Dkt

---

[1] Plaintiff admits that the complaint in the second case is based on the same facts and EEOC charges as the first case. (Pl.'s Counsels' [sic] Mem. Supp. Resp. Defs.' Mot. for Sanctions, Fees and Costs ("Pl.'s Resp.") at 2.) [Dkt 25.]

20.][2] The Safe Harbor Letter set forth Mueller's argument that the dismissal of the first case for want of prosecution barred claims in the second case by application of the doctrine of res judicata. (*Id.* at 2-3.) It also repeated Mueller's position that, in order to seek relief from a Rule 41(b) dismissal, a party can proceed by way of a motion under either Rule 60(b) or 59(e), or appeal from the dismissal, but cannot file a new lawsuit with the same substantive allegations. (Safe Harbor Letter at 2.) Mueller's counsel demanded that Plaintiff " dismiss the entire Complaint *with prejudice.*" (*Id.* at 4, emphasis added.) Mueller's counsel concluded by warning Mr. Okesanya:

> Pursuant to Rule 11 of the Federal Rules of Civil Procedure, we are hereby allowing you twenty-one (21) days from your receipt of this letter in which to file your voluntary dismissal. At the expiration of this grace period, we will seek to recover all costs and fees associated with the preparation and filing of our Rule 12(b)(6) Motion to Dismiss and any other defense of this frivolous action.

(*Id.*)

On July 12, 2005, Plaintiff's counsel and Mueller's counsel stipulated that the second case be voluntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1). [Dkt 13, Case No. 05 C 3272.] Judge Castillo dismissed the case with prejudice on the same day. [Dkt 12, Case No. 05 C 3272.] Mueller's motion to dismiss was never decided because Mueller had voluntarily withdrawn it on July 6, 2005. [Dkt 11, Case No. 05 C 3272.]

On January 11, 2006, approximately six months after the second case was dismissed with prejudice, Mr. Okesanya filed a motion pursuant to Fed. R. Civ. P. 60(b) to vacate the district court's order dismissing the first case. [Dkt 10.] Mueller filed a response to the motion, in which Mueller

---

[2] Fed. R. Civ. P. 11(c)(1)(A) provides that a Rule 11 sanctions may be initiated by motion, but that such a motion "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper . . . is not withdrawn or appropriately corrected." Mueller's counsel's "safe harbor letter" appears to have been sent in accordance with that provision.

argued both that Plaintiff's motion to vacate lacked merit and also that revival of the first case was barred by the fact that the second case had been dismissed with prejudice. (Defs.' Mem. Supp. Resp. to Mot. Vacate at 7.) [Dkt 15.] The hearing on Plaintiff's motion to vacate was scheduled for January 19, 2006. [Dkt 14.] Mr. Okesanya once again failed to appear, and Plaintiff's motion to vacate was denied. [Dkt 17.] On February 2, 2006, Mueller filed the present motion for sanctions.

B. Mueller's motion for sanctions.

Mueller argues that "Defendants should be awarded the fees and costs they incurred as a result of having to defend both Plaintiff's second Complaint filed in violation of the doctrine of *res judicata* and Plaintiff's Motion to Vacate the judgment rendered on his first Complaint . . . as well as Defendants' costs incurred in bringing the present Motion for Sanctions, Fees, and Costs." (Defs.' Mem. at 5 (emphasis in original).) Mueller seeks a total of $16,717.25, for work by three attorneys, which includes researching and drafting the following: the Safe Harbor Letter, the motion to dismiss (presumably, in the second case), the response to Plaintiff's motion to vacate (presumably, in the first case), and the present motion and supporting memorandum. (Defs.' Mem., Ex. I, Decl. Fredrick Schwartz ¶¶ 10, 11.) Mueller does not break out the amounts associated with each filing.

Mr. Okesanya's response to the motion recites a series of missteps aggravated, perhaps, by some naivety in dealing with Mueller's counsel. First, Mr. Okesanya explains his failure to appear at the May 26, 2005 status hearing in this case as a result of a "scheduling mix-up in Plaintiff's counsel's office." (Pl.'s Resp. at 1.) Presumably to support his position that his failure to appear was, indeed, inadvertent, Mr. Okesanya states that he was ordered to inform Mueller's counsel of the status, and that he did so. (*Id.*) Mr. Okesanya's excuse for his failure to appear at the January

-4-

19, 2006 hearing on the motion to vacate "was due to the fact that the hearing was moved from Judge Aspen's normal courtroom to another courtroom and in the time it took counsel to locate the new courtroom on the date of [the] hearing, the matter had been called." (Pl.'s Resp. at 3.) Mr. Okesanya provides no declaration or affidavit to support his statements, but Mueller does not argue that the statements are untrue.

Mr. Okesanya states that he "erroneously filed a new suit [the second case]... rather than file a motion to vacate.... However, upon further review and Defendants' Motion to Dismiss, Plaintiff's counsel withdrew the second lawsuit with prejudice...." (*Id.* at 2.) He asserts that he "agreed to dismiss Plaintiff's claims with prejudice upon realizing that Plaintiff was still well within the time allowed by FRCP 60(b) to file a Motion to Vacate Judgment and not with the intention to needlessly multiply the proceedings." (*Id.* at 3.) Finally, he argues that the amount sought by Mueller is not reasonable. (*Id.*)

## LEGAL STANDARD

Section 1927 provides that "[a]ny attorney... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court has discretion to impose sanctions under § 1927 when an attorney has acted in "an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without a plausible legal or factual basis and lacking in justification; or pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (internal quotation marks and

citations omitted).

Mueller relies substantially on the Seventh Circuit's decision in *In re TCI Ltd.*, 769 F.2d 441 (7th Cir. 1985), arguing that "an objective standard of bad faith" and recklessness justify imposition of sanctions under § 1927. (Defs.' Mem. at 3, 5.) However, the Seventh Circuit has cautioned against taking phrases from the *TCI Ltd.* case out of context. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). "[T]he statute explicitly requires that counsel act unreasonably *and* vexatiously before sanctions are warranted. . . . [S]omething more than ordinary negligence must exist in order to justify the order of sanctions." *Id.* at 1184-85 (emphasis in original). "[E]xtremely negligent conduct, like reckless and indifferent conduct, satisfies this standard." *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005) (internal quotation marks and citation omitted). The absence of counsel's bad faith is not sufficient to avoid § 1927 sanctions if counsel's conduct otherwise meets the objectively unreasonable standard. *Id.* Finally, a court is not obliged to grant sanctions under § 1927, although it may do so in its discretion. *Jolly Group*, 435 F.3d at 720.

## ANALYSIS

Mueller argues that § 1927 sanctions against Mr. Okesanya are warranted for three distinct, although related, acts: (1) filing the second complaint; (2) filing the motion to vacate in this case; and (3) failing to appear at two court hearings scheduled in this case. (Defs.' Mem. at 4, 5.)

### I. Whether § 1927 sanctions are warranted for filing the second complaint

Mueller argues that Mr. Okesanya's filing of the second complaint unreasonably and vexatiously multiplied the proceedings because a reasonably careful attorney would have known

after appropriate inquiry that the claims in the second complaint were barred by res judicata as a result of the Fed. R. Civ. P. 41(b) dismissal of the first case by the district court for want of prosecution. (Defs.' Mem. at 4-5.)

As a threshold matter, it is not clear that Mueller can seek sanctions in this case based on conduct in a different case. Mueller did not file a motion for sanctions in the second case. Muelller claims in a footnote that "[t]his Court has jurisdiction over the second Complaint, which was assigned to Judge Castillo, because it was an obvious attempt to escape the consequences of this Court's May 26, 2005 dismissal order." (Defs.' Mem. at 4 n. 3.) However, Mueller cites no authority to support its position.

Assuming, *arguendo*, that this court has authority in this case to sanction Mr. Okesanya for conduct in a different case, it would not be appropriate to do so. As required by Rule 11(c), Mueller sent Mr. Okesanya the Safe Harbor Letter, in which Mueller demanded that he dismiss the second case with prejudice within twenty-one days (by July 22, 2005) or be subject to sanctions, including the fees incurred by Mueller in preparing the motion to dismiss the second case. Mr. Okesanya complied with Mueller's demand, and dismissed the second case with prejudice within the twenty-one day safe harbor period. The result was favorable to Mueller; the second case was dismissed with no further effort by Mueller. Under these circumstances, Mueller cannot recover any sanctions against Plaintiff or Mr. Okesanya under Rule 11. *See* Fed. R. Civ. P. 11(c), Advisory Committee Notes (1993 Amendments) (stating that "a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position"). Mueller now asks to be awarded by way of § 1927 the very costs and fees that Plaintiff and Mr. Okesanya sought to avoid by complying with Mueller's demand. These facts present no justification

-7-

for such an award. *See U.S. v. McIntosh*, 198 F.3d 995, 1009 (7th Cir. 2000) (noting that, in a civil case, prompt withdrawal of a filing upon realizing it lacked merit, "typically would grant the filer of the pleading 'safe harbor' from sanctions . . . for the obvious reason [that] the parties and the court are spared the effort and expense of litigating a groundless contention").

## II. Whether § 1927 sanctions are warranted for filing the motion to vacate

Mueller also argues that Mr. Okesanya's filing of the motion to vacate in this case unreasonably and vexatiously multiplied the proceedings because a reasonable attorney should have known that "he was violating the doctrine of *res judicata*, yet again." (Defs.' Mem. at 4; Defs.' Reply at 3-4 [dkt 26].) Again, § 1927 sanctions are not appropriate.

As Mueller observed in its motion to dismiss the second case and its Safe Harbor letter, one proper course that Plaintiff could have pursued following the Rule 41(b) dismissal of the first case would have been to move under Rule 60(b) to vacate that dismissal, instead of filing the second case. Ultimately, Plaintiff filed a Rule 60(b) motion to vacate the dismissal. Although Mueller argued that the motion to vacate should be denied, the court never reached the merits of the motion to vacate. The motion was stricken when Mr. Okesanya failed to appear.

Notwithstanding Mueller's argument that the motion to vacate lacked merit, the only ground upon which Mueller now argues that the motion to vacate is *sanctionable* is the dismissal of the second case *with prejudice*. (Defs.' Mem. at 4.) But for that dismissal with prejudice, the motion to vacate could, if granted, have vacated any preclusive consequences of the Rule 41(b) dismissal of the first case. However, the dismissal of the second case with prejudice, Mueller argues, created a final bar to any determination of the Plaintiff's claims that stem from the same core of operative

-8-

facts, including any determination of those claims in the first case. (*Id.*)

Mueller's Safe Harbor Letter informed Mr. Okesanya that a proper course would have been to bring a Rule 60(b) motion, and coupled that information with a demand that the second case be dismissed with prejudice. It is apparent from Mr. Okesanya's response to the present motion that he failed to appreciate the significance of acceding to Mueller's demand that the second case be dismissed *with prejudice*. As discussed above, in his response to the present motion, he states that he agreed to dismiss the second case with prejudice after reading Mueller's motion to dismiss the second case and realizing that he still was within the time to bring a Rule 60(b) motion.

Significantly, Mueller did not serve a Rule 11 safe harbor letter in response to the motion to vacate. Instead, Mueller filed a response to the motion and appeared at the hearing apparently intending to defend against the motion on the merits. Mueller did not take advantage of the procedures provided in the Federal Rules to address the filing of papers not warranted by law, as it had chosen to do in the second case. Instead, Mueller gave Mr. Okesanya no warning but filed a motion for sanctions under § 1927.

It appears that after receiving Mueller's motion to dismiss the second case and Safe Harbor Letter, Mr. Okesanya intended to correct his mistake of filing the second case by dismissing it with prejudice as Mueller suggested and filing the Rule 60(b) motion in this case. It can be argued that he should have known that dismissing the second case with prejudice might have res judicata consequences, but the court concludes that in these circumstances - - including the fact that Mueller demanded the dismissal with prejudice when, in fact, there had been no determination on the merits of the claims - - Mr. Okesanya's filing of the motion to vacate does not justify § 1927 sanctions.

### III. Whether § 1927 sanctions are warranted for Mr. Okesanya's failure to appear at the initial status hearing and the hearing on the motion to vacate in the first case

The last question is whether, in failing to appear at both the initial status hearing on May 26, 2005 and the hearing on the motion to vacate on January 19, 2006, plaintiff's counsel acted with disregard for the judicial process. As described above, Mr. Okesanya states that the first failure was the result of a scheduling error in his office, and the second was the result of a courtroom change. Mueller does not dispute these explanations; instead, Mueller argues that Mr. Okesanya's conduct was reckless. (Defs.' Mem. at 5.) The failure to appear for a hearing as a result of a scheduling error, without more, is not sufficient to justify a finding of objective unreasonableness above and beyond mere negligence, and is not sufficient to warrant § 1927 sanctions. *See Kotsilieris*, 966 F.2d at 1185; *see also Trudeau v. Lanoue*, No. 04 C 7165, 2005 WL 3299350 at *2 (N.D. Ill. Nov. 30, 2005) (Der-Yeghiayan, J.) (denying § 1927 sanctions for counsel's failure to appear at hearing due to calendaring error).

As for the January 19, 2006 incident, if Mr. Okesanya's explanation of a courtroom change that delayed his getting to the hearing was not true, presumably Mueller's counsel, who was present that day, would have provided evidence to the contrary. Mueller does not dispute Mr. Okesanya's explanation that there was a courtroom change, and does not provide any basis or authority for imposing § 1927 sanctions in that circumstance.

### CONCLUSION

Mueller seeks more than $16,000 in sanctions against Mr. Okesanya, an amount that includes the fees and costs for its present motion and supporting memorandum. Although Mueller now

complains that it has had to incur expenses to have Plaintiff's claims dismissed three times, in fact, Mueller has never had to defend Plaintiff's claims on the merits. Mr. Okesanya's actions resulted in his client's complaint being dismissed and the motion to vacate being denied. Mueller has not demonstrated that Mr. Okesanya's actions rise to the level of warranting § 1927 sanctions, and its motion is, accordingly, denied.

**IT IS SO ORDERED.**

/GERALDINE SOAT BROWN
**United States Magistrate Judge**

July 13, 2006

U.S. DISTRICT COURT

2006 JUL 13 PM 4:11